UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

VENUS CONCEPT USA INC., a
Delaware corporation,

    Plaintiff,
v.

SMITH HIGH INCORPORATED d/b/a
LASERSMART SKIN AND BODY
INSTITUTE INC. an Arizona Company,
and DANA KOLKMAN individually,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, VENUS CONCEPT USA INC. ("Plaintiff"), by and through the undersigned counsel, hereby files the instant Complaint against the Defendants, SMITH HIGH INCORPORATED d/b/a LASERSMART SKIN AND BODY INSTITUTE (hereinafter referred to as "LaserSmart") and DANA KOLKMAN ("Kolkman") (collectively, the "Defendants"), for damages and equitable relief and, as grounds therefore, states, asserts, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other related relief that exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest, costs, and attorneys' fees.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1332 on the basis of the amount in controversy exceeding $75,000 and the Plaintiff and Defendants being citizens of different States as outlined below.

3. Venue is proper in the Southern District of Florida since the parties agreed to litigate their claims in Miami-Dade County, Florida pursuant to the Subscription Agreement that is subject to this action.

4. Plaintiff is a Delaware corporation conducting business in Miami-Dade County, Florida and with its principal place of business located in Florida.

5. LaserSmart is an Arizona Company with its principal place of business at 4954 S. Newton Terrace, Mesa, Arizona 85212-8130.

6. Kolkman is a *sui juris* individual over the age of eighteen (18) who is the owner of LaserSmart and who has guaranteed the performance of LaserSmart's obligations under the Subscription Agreement that is the subject of this action.

## Introductory Statement

7. Plaintiff is a medical aesthetic device company in the business of developing, commercializing and delivering minimally invasive and non-invasive medical aesthetic and hair restoration technologies and devices to its consumers, such as the Defendants. In or around March 2019, Plaintiff provided and delivered its "Venus Versa" and "Venus Velocity"— as well as additional supplies and goods — to the Defendants, to which the Defendants received and accepted. As is explained in greater detail below, the Defendants failed to provide Plaintiff the benefit of their bargain and have failed to adequately compensate Plaintiff the reasonable value of the goods the Defendants have received, accepted, and enjoyed.

## GENERAL ALLEGATIONS

8. Plaintiff and LaserSmart entered into and executed that certain "Subscription Agreement" dated May 21, 2019 ("Subscription Agreement"), whereby Plaintiff promised to deliver certain medical aesthetic device(s) and supplies ("Goods") in consideration for

LaserSmart's promise to pay the "Aggregate Amount" of One Hundred Thirteen Thousand Nine Hundred 40 and 00/100 ($113,940.00) Dollars in certain monthly installments listed therein. A true and correct copy of the Subscription Agreement is attached hereto as **Exhibit "A"** and is incorporated into, adopted, and made a part hereof through this reference.

9. On the same day as the execution of the Subscription Agreement, Kolkman executed and delivered a guaranty to Plaintiff ("Guaranty"), wherein Kolkman guaranteed the full payment and punctual performance of all obligations of LaserSmart under the Subscription Agreement. A true and correct copy of the Guaranty is included within the Subscription Agreement attached hereto as **Exhibit A** referenced above.

10. Plaintiff delivered all supplies and materials listed within the Subscription Agreement to the Defendants, to which the Defendants received and accepted.

11. Pursuant to the terms of the Subscription Agreement, the Defendants were to pay the sum of the Aggregate Amounts of the Subscription Agreement ($113,940) in monthly installments upon the thirtieth (30th) day from the estimated date of delivery and payable every thirty (30) days thereafter. *See Subscription Agreement,* § B. However, the Defendants have failed to pay Plaintiff the requisite monthly installments since March 25, 2020.

12. The Defendants' failure to make any of the requisite payments due and owing since March 21, 2019, constitutes an event of "Default" under the Subscription Agreement. *See Subscription Agreements*, § 13.a. ("Each of the following is a material default by [the Defendants]: The [Defendants] fail[] to make any payment or pay any other amounts due under this Agreement . . . within ten (10) days after the same is due and payable[.]").

13. Upon the happening of a Default, the Subscription Agreement allows for and provides Plaintiff with the right to immediately terminate same and to accelerate any and all

4813-0627-2998.1

payments remaining under the Subscription Agreement that would not have otherwise been due and owing but for the Default:

> **14. Effect of Default –** In the event of any Default, [Plaintiff] may take any one of the following actions (separately or cumulatively): (i) ***terminate this Agreement with immediate effect*** and in such case the provisions of Section 15 below shall apply . . .
>
> **15. Effect of Termination or Expiration** – In the event of termination or expiration of this Agreement, the following shall apply:
>
> The [Defendants] shall pay forthwith (without notice) to [Plaintiff] as liquidated damages, and not as a penalty, an amount . . . equal to the aggregate of:
>
>> (i) ***Unpaid payments and other amounts payable hereunder and unpaid as of the date of Default*** [(i.e., March 21, 2019)], and
>>
>> (ii) The unpaid value of:
>>
>>> (A) Any remaining Monthly Installment payable from the date of Default, and
>>>
>>> (B) Amounts otherwise payable under the Agreement, and
>>
>> (iii) ***Any Enforcement Costs*** [(which include "all costs and expenses in respect of collection, legal fees, repossession, repair of System, enforcement of [Plaintiff's] rights or remedies, sale[,] or re-lease costs or other realization costs)] incurred by [Plaintiff], and
>>
>> (iv) ***Interest thereon*** [(at the rate of eighteen percent (18%) per annum)] from the date of the Default [(i.e., March 21, 2019)] until payment in full.

*Subscription Agreement*, §§ 14-15 (emphasis added).

14. In connection with the above-quoted language, and because the Defendants defaulted by failing to pay all amounts due by March 25, 2020 or any time thereafter, the Plaintiff, by and through the undersigned counsel, delivered correspondence dated April 21, 2021 to the

Defendants terminating the Subscription Agreement and demanding payment of any and all amounts due under same, including interest, costs, and attorneys' fees, as is allowable under the clear and unambiguous language of the Subscription Agreement ("Notice of Termination"). A true and correct copy of the Notice of Termination is attached hereto as **Exhibit "B"** and is incorporated into, adopted, and made a part hereof through this reference.

15. As of April 21, 2021, the Defendants — jointly and severally — owe Plaintiff: Ninety-Nine Thousand Two Hundred Eighty-Four and 59/100 ($99,284.59) Dollars consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of 18% compounded monthly which has accrued since March 25, 2020.

16. All conditions precedent to filing this action have been met by Plaintiff or have otherwise been waived or excused by the Defendants.

17. Plaintiff has retained the undersigned counsel to bring this action and has agreed to pay a reasonable fee for said attorneys' fees and costs; and Plaintiff is entitled to recover its attorneys' fees, costs, and expenses for bringing this action.

## COUNT I – BREACH OF CONTRACT

18. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

19. This is an action against the Defendants, jointly and severally, for breach of the Subscription Agreement.

20. Plaintiff and the Defendants entered into and executed the Subscription Agreement.

21. Plaintiff fully performed under the Subscription Agreement by providing the Defendants with the Goods.

22. The Defendants have defaulted under and materially breached the Subscription Agreement by failing and refusing to pay the remaining amounts due and owing to Plaintiff pursuant to same.

23. Plaintiff has suffered damages as a result of the Defendants' material breaches of the Subscription Agreement.

24. Since April 2021, and pursuant to the Subscription Agreement, Plaintiff is owed a total of Ninety-Nine Thousand Two Hundred Eighty-Four and 59/100 ($99,284.59) Dollars consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of 18% compounded monthly which has accrued since March 25, 2020.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of Ninety-Nine Thousand Two Hundred Eighty-Four and 59/100 ($99,284.59) Dollars against the Defendants, LASERSMART SKIN AND BODY and DANA KOLKMAN, jointly and severally, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT II – BREACH OF GUARANTY

25. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

26. This is an action against Kolkman for breach of the Guaranty.

27. Kolkman has guaranteed the performance of LaserSmart's obligations under the Subscription Agreement.

28. As a result of the Defendants' breaches and defaults under the Subscription Agreement, Kolkman is obligated to pay all amounts due and owing Plaintiff under the Subscription Agreement.

29. Plaintiff has demanded that Kolkman pay to Plaintiff the amounts due and owing under the Subscription Agreement; however, Kolkman has failed to make the required payments.

30. Kolkman has breached the Guaranty by failing and refusing to pay Plaintiff the amounts due and owing Plaintiff under the Subscription Agreement.

31. Plaintiff has suffered damages as a result of Moussa's breach of the Guaranties.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of Ninety-Nine Thousand Two Hundred Eighty-Four and 59/100 ($99,284.59) Dollars against the Defendant, DANA KOLKMAN, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT III – UNJUST ENRICHMENT

32. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

33. This is an action against the Defendants, jointly and severally, for unjust enrichment.

34. Plaintiff conferred to the appreciation of the Defendants certain benefits in the form of highly advanced, sophisticated, and costly cosmetic medical equipment, devices, and supplies.

35. The Defendants accepted and retained said benefits under circumstances which make it inequitable for them to have retained same without paying the value of the benefits received.

4813-0627-2998.1

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment against the Defendants, LASERSMART and DANA KOLKMAN, jointly and severally, for damages, prejudgment interest, attorneys' fees and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT IV – OPEN ACCOUNT

36. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

37. This is an action against the Defendants, jointly and severally, for open account.

38. At the time of filing this action, the Defendants owe Plaintiff on open account Ninety-Nine Thousand Two Hundred Eighty-Four and 59/100 ($99,284.59) Dollars consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of 18% compounded monthly which has accrued since March 25, 2020.

39. A true and correct copy of Plaintiff's Statement evidencing the outstanding and open account is attached hereto as **Exhibit "C"** and is incorporated into, adopted, and made a part hereof through this reference.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of Ninety-Nine Thousand Two Hundred Eighty-Four and 59/100 ($99,284.59) Dollars against the Defendants, LASERSMART and DANA KOLKMAN, jointly and severally, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT V – ACCOUNT STATED

40.     Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

41.     This is an action against the Defendants, jointly and severally, for account stated.

42.     Before the institution of this action, Plaintiff and the Defendants had business transactions between them whereby they agreed to the resulting balance as demonstrated by the Defendants' signatures and execution of the Subscription Agreement and Plaintiff's furnishing and tender of the Goods listed therein. True and correct copies of the Plaintiff's Invoices evidencing the agreed upon balance are attached hereto as **Composite Exhibit "D"** and are incorporated into, adopted, and made a part hereof through this reference.

43.     The Defendants agreed and consented to the monthly installments of the Aggregate Amounts listed in the Subscription Agreement by accepting the Goods and paying a portion of the amounts due and owing Plaintiff from the execution of the Subscription Agreements until March 21,2019.

44.     The Defendants never objected to the amounts due and owing Plaintiff and thereby agreed to the resulting balance of same.

45.     The Defendants have not paid the balance due after a reasonable time and have refused to pay, even though Plaintiff has made demand for payment upon the Defendants.

46.     The Defendants remain liable to compensate Plaintiff the outstanding balance of Ninety-Nine Thousand Two Hundred Eighty-Four and 59/100 ($99,284.59) Dollars.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of Ninety Nine Thousand Two Hundred Eighty-Four and 59/100 ($99,284.59) Dollars against the Defendants, LASERSMART

and DANA KOLKMAN, jointly and severally, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT VI – REPLEVIN

47. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) through as if set forth at length herein.

48. To the extent this Honorable Court denies any and/or all of the Plaintiff's prior claims and causes of action, this is an action against the Defendants for replevin.

49. Upon best information and belief, the Defendants are in possession of the Goods.

50. Plaintiff is entitled to possession of the Goods pursuant to Section 15 of the Subscription Agreement.

51. The Goods are being wrongfully detained and withheld by the Defendants.

52. The Goods have not been taken for a tax, assessment, or fine pursuant to the law.

53. The Goods have not been taken under an execution or attachment against the property of Plaintiff for a tax, assessment, or fine pursuant to the law.

54. Plaintiff has demanded the return of the Goods and the Defendants have failed and refused to return same.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for possession of the Goods from the Defendants, LASERSMART and DANA KOLKMAN, and damages together with attorneys' fees, costs, and any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

**[*SIGNATURE ON FOLLOWING PAGE*]**

DATED: April 23, 2021                    Respectfully submitted,

                                                      LEWIS BRISBOIS BISGAARD & SMITH LLP
                                                    Attorneys for Plaintiff, *Venus Concept USA Inc*.
                                                    110 SE 6th Street, Suite 2600
                                                    Fort Lauderdale, Florida 33301
                                                    Telephone: 954.728.1280
                                                    Facsimile: 954.728.1282
                                                    David.Hawthorne@lewisbrisbois.com
                                                    Melissa.VanHuss@lewisbrisbois.com
                                                    ftlemaildesig@lewisbrisbois.com

                        BY:        */s/ David Hawthorne*
                                                    David M. Hawthorne
                                                    FBN 935174

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 21, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of notices of electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of filing.

*/s/ David M. Hawthorne*
**DAVID HAWTHORNE, ESQ.**
Florida Bar No. 935174

## SERVICE LIST

Smith High Incorporated d/b/a
LaserSmart Skin & Body Institute
1425 S. HIGLEY RD.
BLG. 9, STE. 102
GILBERT, AZ 85296

Dana Kolkman
4954 S NEWTON TER
MESA, AZ 85212-8130

4813-0627-2998.1