**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-21558-KMM

VENUS CONCEPT USA, INC.,

      Plaintiff,

v.

SMITH HIGH INCORPORATED, *et al.*,

      Defendants.

                                      /

## ORDER

THIS CAUSE came before the Court upon Plaintiff Venus Concept USA Inc.'s ("Plaintiff") Motion for Default Final Judgment. ("Mot.") (ECF No. 31). Defendants Smith High Incorporated d/b/a Lasersmart Skin and Body Institute, Inc. ("Smith High") and Dana Kolkman ("Kolkman") (collectively, "Defendants") failed to file a response and the time to do so has passed. The Motion is now ripe for review.

## I.   BACKGROUND

On April 22, 2021, Plaintiff brought this action against Defendants Smith High and Kolkman alleging that Defendants breached a Subscription Agreement (the "Agreement") between Plaintiff and Smith High, guaranteed by Kolkman, when Defendants failed to make payment under the Agreement for certain medical aesthetic devices and supplies Plaintiff delivered to Smith High. *See generally* ("Compl.") (ECF No. 1). On January 10, 2022, Plaintiff served Defendants with a copy of the Summons and Complaint.[1] (ECF Nos. 21, 22). Thus, Defendants' responses to

---

[1] Service upon Defendants was proper pursuant to Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure.

Plaintiff's Complaint were due on or before January 31, 2022.

However, to date, Defendants have not responded to the Complaint, appeared in this action, or otherwise defended the suit.  On February 2, 2022, the Clerk of Court entered Default as to Defendants Dana Kolkman and Smith High Incorporated.  (ECF No. 24).  On April 11, 2022, Plaintiff filed the instant Motion for Default Final Judgment against Defendants.[2] *See generally* Mot.  Now, Plaintiff seeks the entry of a default judgment against Defendants in the amount of $114,423.95, plus interest, in addition to attorney's fees and costs in the amount of $9,860.00 and $2,293.14, respectively.  *Id.* at 2.

## II.     LEGAL STANDARD

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, a court may enter default judgment following the Clerk of Court's entry of default.  Fed. R. Civ. P. 55(b).  "The entry of a default judgment is committed to the discretion of the district court[.]"  *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985).  By defaulting, a defendant admits a plaintiff's well-pled allegations of fact in the Complaint.  *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).  However, "there must be a sufficient basis in the pleadings for the judgment entered."  *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

---

[2] On March 1, 2022, upon a *sua sponte* examination of the record, the Court dismissed this case without prejudice because Plaintiff failed to file a motion for default judgment within the time prescribed by this Court's Paperless Notice of Court Practice Upon Entry of Default. *See* (ECF Nos. 24, 25). On April 7, 2022, the Court granted Plaintiff's Motion to Reopen Case and afforded Plaintiff seven (7) days to file a motion for default judgment due to Plaintiff's counsel's ongoing issues with his PACER account. (ECF No. 30). The instant Motion followed.

[3] Decisions of the Fifth Circuit issued before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

### III.    DISCUSSSION

#### A.  Liability

The well-pled allegations of Plaintiff's Complaint are deemed to have been admitted by

Defendants by virtue of their default.  *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277–

78 (11th Cir. 2005) (citations omitted).  As set forth in the Complaint, Plaintiff and Defendant

Smith High entered into the Agreement, dated March 21, 2019,[4] wherein Plaintiff agreed to deliver

medical aesthetic devices and supplies (the "Goods") to Smith High, and Smith High agreed to

pay $113,940.00 (the "Aggregate Amount") in monthly installments.  Compl. ¶ 8.  Defendant

Kolkman, who is the owner of Smith High, agreed to guarantee full payment and punctual

performance of all of Smith High's obligations under the Agreement.  *Id.* ¶ 9.

Plaintiff delivered the Goods to Defendants, who received and accepted them.  *Id.* ¶ 10.

However, since March 25, 2020, Defendants have failed to make monthly payments as required

under the Agreement.[5]  *Id.* ¶ 11.  Under the terms of the Agreement, Defendants' failure to make

payment constitutes an event of default permitting Plaintiff to immediately terminate the

Agreement and accelerate any remaining payments that would not have otherwise been due and

owing but for the default.  *Id.* ¶¶ 12–13.  Specifically, the Agreement provides as follows:

> 14. Effect of Default – In the event of any Default, [Plaintiff] may take any one of
> the following actions (separately or cumulatively):
>> (i) terminate this Agreement with immediate effect and in such case the
>> provisions of Section 15 below shall apply . . .

---

[4]  Plaintiff's Complaint states that the Agreement was dated May 21, 2019, however Defendant
Kolkman executed the Agreement on March 21, 2019.  *See* Compl. ¶ 8; ("Agreement") (ECF
No. 1-1) at 3.  The Court construes the reference to May 21, 2019 as a scrivener's error.

[5]  The Agreement provides that Defendants shall pay Plaintiff "the balance of the Aggregate
Amount in monthly installments . . . commencing on the thirtieth (30th) day from the estimated
date of delivery and payable every thirty (30) days thereafter ('Monthly Installments')."
Agreement at 3.

> 15. Effect of Termination or Expiration – In the event of termination or expiration of this Agreement, the following shall apply:
>> The [Defendants] shall pay forthwith (without notice) to [Plaintiff] as liquidated damages, and not as a penalty, an amount . . . equal to the aggregate of:
>>> (i) Unpaid payments and other amounts payable hereunder and unpaid as of the date of Default [(*i.e.*, March 21, 2019)], and
>>> (ii) The unpaid value of:
>>>> (A) Any remaining Monthly Installment payable from the date of Default, and
>>>> (B) Amounts otherwise payable under the Agreement, and
>>> (iii) Any Enforcement Costs [(which include "all costs and expenses in respect of collection, legal fees, repossession, repair of System, enforcement of [Plaintiff's] rights or remedies, sale[,] or re-lease costs or other realization costs)] incurred by [Plaintiff], and
>>> (iv) Interest thereon [(at the rate of eighteen percent (18%) per annum)] from the date of the Default [(i.e., March 21, 2019)] until payment in full.

*Id.* ¶ 13 (quoting Agreement ¶¶ 14–15) (alterations in original) (emphasis omitted).

In connection with the above-quoted language, and because Defendants defaulted by failing to pay all amounts due by March 25, 2020, Plaintiff delivered a Notice of Termination dated April 21, 2021 to Defendants, terminating the Agreement and demanding payment of any and all amounts due thereunder, including interest, costs, and attorney's fees. *Id.* ¶ 14; (ECF No. 1-2). As of April 21, 2021, Defendants owed Plaintiff $99,284.59, consisting of the remaining value of the Agreement, plus interest due on all amounts past due at a rate of 18 percent per annum, compounded monthly, which has accrued since March 25, 2020. *Id.* ¶ 15. Accordingly, Plaintiff brought this action against Defendants, asserting the following claims: breach of contract ("Count I"); breach of guaranty ("Count II"); unjust enrichment ("Count III"); open account ("Count IV"); account stated ("Count V"); and replevin ("Count VI"). *See generally id.*

Based on the foregoing, the Court finds that the well-pled allegations in the Complaint satisfy the elements of a claim for breach of contract and breach of guaranty under Florida law.[6]

---

[6] The Agreement is governed by Florida law. *See* Agreement ¶ 23.

First, the Court finds that Plaintiff's Complaint, as discussed above, sufficiently alleges facts demonstrating a claim for breach of contract against both Defendants. *See Venus Concept USA Inc. v. Transforming Arts, Inc.*, No. 1:21-CV-22384-BB, 2021 WL 5163412, at *4 (S.D. Fla. Nov. 5, 2021) ("To assert a claim for breach of contract, Plaintiff must show '(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach.'" (quoting *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006))).

Second, the Court finds that Plaintiff's Complaint, as discussed above, sufficiently alleges the elements of a claim for breach of guaranty against Kolkman. *See Venus Concept USA Inc. v. Vitahydr8, LLC*, No. 1:21-cv-22243-JEM, 2022 WL 204685, at *2 (S.D. Fla. Jan. 24, 2022) ("The same elements required to prove a breach of contract claim must be established to successfully allege a breach of guaranty claim." (quoting *PNC Bank, N.A. v. Healey Plumbing, Inc.*, No. 19-Civ-60068, 2019 WL 3890858, at *2 (S.D. Fla. June 6, 2019))); *see also* Agreement at 3 ("[Kolkman] unconditionally personally guarantees to [Plaintiff] that he/she will make all payments and meet all obligations required under this Agreement.").

However, like other courts in this District, this Court denies Plaintiff's motion for final default judgment on Plaintiff's unjust enrichment, open account, and account stated claims:

> Because the Court enters judgment in Venus's favor on its claims for breach of contract and breach of guaranty, the Court denies Venus's motion for final default judgment as to its claims for unjust enrichment, open account, and account stated. *See Burstein v. First Penn-Pacific Life Ins. Co.*, No. 01-985-Civ, 2002 WL 34186960, at *8, 2002 U.S. Dist. LEXIS 28115, at *23 (S.D. Fla. Feb. 11, 2002) ("[A] plaintiff cannot recover under both a claim for unjust enrichment and a claim for breach of contract . . . ."); *Xenacare Holdings, Inc. v. CVS Caremark Corp.*, No. 11-80785-CIV, 2011 WL 13228564 at *2, 2011 U.S. Dist. LEXIS 168698 at *2 (S.D. Fla. Nov. 28, 2011) ("Although a plaintiff may bring causes of action in the alternative, a claim for open account fails if it alleges the existence of an express contract."); *Rolyn Const. Corp. v. Coconut Grove PT Ltd. P'ship*, No. 07-20834-Civ, 2007 WL 2071268, at *2, 2007 U.S. Dist. LEXIS 52323, at *5–6 (S.D. Fla. July 19, 2007) (dismissing with prejudice claims for account stated as duplicative of breach of contract claims).

*Id.* at *2.

Further, this Court declines to grant Plaintiff's motion for entry of default judgment as to Plaintiff's replevin claim.  Although Plaintiff requests judgment for possession of the Goods as part of its replevin claim in Count VI of the Complaint, Plaintiff does not advance that demand for judgment in the instant Motion.  *Compare* Compl. at 10 & ¶¶ 47–54, *with* Mot. at 2.  Accordingly, the Court deems Plaintiff's replevin claim in Count VI of the Complaint abandoned.  *See Rismay v. Alterations by Lucy & Crisp & Clean Dry Cleaning & More, LLC*, No. 20-CV-1357, 2022 WL 396320, at *1 n.1 (M.D. Fla. Jan. 21, 2022), *report and recommendation adopted*, No. 20-CV-1357, 2022 WL 394407 (M.D. Fla. Feb. 9, 2022).

### B.  Damages

Having found a sufficient basis for Defendants' liability, the Court must determine damages and enter final judgment in that amount.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (11th Cir. 2009); *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).  In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record."  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).  Otherwise, the court may award damages "only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"  *Coors*, 777 F.2d at 1543–44 (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

Plaintiff seeks entry of a default final judgment "in the principal and default interest amount of $114,423.95, as of April 11, 2022, plus per diem interest of $41.24 until entry of final

judgment." Mot. at 2.

The Court accepts Plaintiff's representation in its Declaration of Carmen Hurtado as to Damages ("Hurtado Declaration") that the principal balance on the Subscription Agreement is $83,617.67. ("Hurtado Decl.") (ECF No. 31-2) at 3. The Court disagrees, however, that Plaintiff is entitled to interest on the past due amount at a rate of 18 percent per annum, compounded monthly, as pled in Plaintiff's breach of contract claim in Count I of the Complaint and asserted in the Hurtado Declaration. *See* Compl. ¶ 24; Hurtado Decl. ¶ 7; *see also Vitahydr8, LLC*, 2022 WL 204685, at *2 (citing Fla. Stat. §§ 687.02, 687.03; *Transforming Arts, Inc.*, 2021 WL 5163412, at *6) ("The highest rate permitted under Florida law for loans $500,000 or below is 18% per annum simple interest.").

Accordingly, the simple interest accumulated on a principal of $83,617.67 at a rate of 18 percent per annum for 762 days (*i.e.*, from March 25, 2020 up to but not including April 26, 2022) is $31,421.91. Therefore, the Court finds that Plaintiff is entitled to default final judgment against Defendants, jointly and severally, for damages in the principal amount of $83,617.67, plus interest in the amount of $31,421.91, plus post-judgment interest.

Last, like other Courts in this District, this Court notes that Plaintiff's request for attorney's fees and costs, again, fails to comply with Local Rule 7.3. *See, e.g.*, *Transforming Arts, Inc.*, 2021 WL 5163412, at *7; *Vitahydr8, LLC*, 2022 WL 204685, at *2. Among other deficiencies, Plaintiff does not provide invoices for the costs incurred that it describes in the Declaration of David M. Hawthorne, Esq. as to Costs (ECF No. 31-3). *Cf.* S.D. Fla. L.R. 7.3(a)(6). Nor does Plaintiff's request for attorney's fees provide all information required under Local Rule 7.3(a)(a)(5).

## IV.    CONCLUSION

UPON CONSIDERATION of the Complaint, the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff Venus Concept USA Inc.'s Motion for Default Final Judgment (ECF No. 31) is GRANTED IN PART and DENIED IN PART.  It is further ORDERED AND ADJUDGED as follows:

1.    Pursuant to Federal Rule of Civil Procedure 58, Final Default Judgment will be entered by separate order.

2.    The Court reserves jurisdiction to assess Plaintiff's request for attorney's fees and costs.  On or before May 11, 2022, Plaintiff may renew its motion for attorney's fees and costs separately on the docket.  In doing so, Plaintiff shall provide all required materials and otherwise comply with Local Rule 7.3(a), which, among other things, requires a movant to specify the hours worked and by whom, describe the tasks performed, and identify associated billing rates.  To the extent Plaintiff seeks to recover costs, Plaintiff should also include copies of relevant invoices.

3.    The Clerk of Court is INSTRUCTED to ADMINISTRATIVELY CLOSE this case.

4.    All pending motions, if any, DENIED AS MOOT.

5.    The Court retains jurisdiction to enforce the terms of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of April, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:    All counsel of record