UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-21558-KMM

VENUS CONCEPT USA INC.,

    Plaintiff,

v.

SMITH HIGH INCORPORATED d/b/a
LASERSMART SKIN AND BODY
INSTITUTE INC., and
DANA KOLKMAN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**THIS MATTER** came before the Court upon Plaintiff's Renewed Motion for Attorneys' Fees and Costs ("Motion") (ECF No. 34). The matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, to take all necessary and proper action as required by law with respect to Plaintiff's Motion (ECF No. 35). Having reviewed the Motion, the record as a whole, and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that the Motion be **GRANTED in part** as further set forth below.

**I.**    **BACKGROUND**

On April 22, 2021, Plaintiff brought this action against Defendants Smith High Incorporated d/b/a Lasersmart Skin and Body Institute, Inc. ("Smith High") and Dana Kolkman ("Kolkman") (collectively, "Defendants"), alleging that Defendants breached a Subscription

1

Agreement (the "Agreement") between Plaintiff and Smith High, guaranteed by Kolkman, when Defendants failed to make payment under the Agreement for certain medical aesthetic devices and supplies Plaintiff delivered to Smith High. (ECF No. 1). On April 27, 2022, the Court granted in part and denied in part Plaintiff's Motion for Default Judgment (ECF No. 32), reserving jurisdiction to assess Plaintiff's request for attorney's fees and costs. The Court entered Default Final Judgment in favor of Plaintiff on April 27, 2022 (ECF No. 33). Plaintiff filed this Motion seeking attorneys' fees and costs, which is now ripe for review. (ECF No. 34). Defendants did not file a response in opposition, and the time to do so has passed.

## II.  DISCUSSION

In the American legal system, each party is traditionally responsible for its own attorney's fees. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) ("Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."). However, there is an exception for when the parties agree in a contract that one party will pay attorney's fees. *In re Home Depot Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019). Pursuant to the Agreement, the Parties in this case have contractually agreed that "[Plaintiff's] costs and expenses incurred as a result of a Default . . . including all costs and expenses in respect of . . . legal fees . . . shall be paid by the [Defendants] to [Plaintiff]." (ECF No. 1-1 at 6). Accordingly, the Court finds that Plaintiff is entitled to an award of reasonable attorney's fees and costs.

### a. Attorney's Fees

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar method consists of determining the reasonable hourly rate, and multiplying that number by the number of hours reasonably expended on the litigation by counsel.

*See, e.g.*, *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman*, 836 F.2d at 1299; *Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005).

The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). That burden includes submitting "specific and detailed evidence" from which the court can determine the reasonable hourly rate as well as billing records that reflect the time spent on different claims, and "the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Id.* (quoting *Norman*, 836 F.2d at 1303); *see also* S.D. Fla. L.R. 7.3(a). Here, Plaintiff has provided detailed billing records documenting all time billed and the corresponding hourly rates. (ECF Nos. 34-2, 34-3).

Notably, courts are not permitted "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. However, a court reviewing a fee application need not become a "green-eyeshade accountant[]." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Rather, the essential goal for a court is to "do rough justice, not to achieve auditing perfection." *Id.* In addition, the Court should not be viewed as a tool to target individuals or entities for monetary or ill-conceived purposes.

### i. Reasonable Hourly Rate

A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The relevant legal community for purposes of determining the reasonable hourly rate for an attorney's service is "the place where the case is

filed." *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). The fee applicant bears the burden of demonstrating that the rates charged are reasonable in the relevant legal community. *Norman*, 836 F.2d at 1299. However, as the Court is itself deemed an expert on the issue, it "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (citation omitted).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted).

Plaintiff seeks an award of $9,860.00 in attorneys' fees for 18 hours of time incurred by Lewis, Brisbois, Bisgaard & Smith, LL, and 14.3 hours of time incurred by Pathman Lewis, LLP. Under the fee agreement between Plaintiff and Lewis, Brisbois, Bisgaard & Smith, LLP ("LBBS Agreement"), Plaintiff seeks an hourly rate of $360.00 for attorneys David M. Hawthorne, Vincent Alexander, Michelle Zeiger, and Aileen Carpenter. Plaintiff also seeks an hourly rate of $160.00 for paralegal Melissa Van Huss.

Under the fee agreement between Plaintiff and Pathman Lewis, LLP ("Pathman

Agreement"), Plaintiff seeks an hourly rate of $320.00 for attorney David Hawthorne, $320.00 for attorney Michael Maugans, and $180.00 for paralegal Nancy Onega. As noted, Defendants have not responded to challenge the reasonableness of the hourly rates charged by Plaintiffs' counsel for both agreements.

In support of the reasonableness of the attorneys' fees request, Plaintiff submitted declarations from David Hawthorne and Jamie Alan Sasson. Pursuant to the LBBS Agreement, Plaintiff represents that David Hawthorne has practiced law in Florida since 1992; Vincent Alexander has practiced law in Florida since 2009; Michelle Zeiger has practiced law in Florida since 2003; and Aileen Carpenter has practiced law since 2019 as a member of the Washington, D.C. and Georgia Bars, but is not yet licensed in Florida. Under the Pathman Agreement, Plaintiff represents that Michael Maugans has practiced law in Florida since 2019 and that Nancy Onega has been a paralegal since 2007.

A court in this district recently awarded David Hawthorne attorney's fees at an hourly rate of $360.00, finding this rate reasonable. Attorney Hawthorne represents that the requested hourly rates are appropriate because this action required "extensive legal work including work to file a complaint and to obtain defaults and default final judgments against the Defendants." (ECF No. 31-4).[1]

Commensurate with Plaintiff's counsel's experience, the Court finds that the contracted hourly rates under the LBBS Agreement of $360.00 for attorneys and $160.00 for paralegals are reasonable. Likewise, the Court finds the contracted hourly rates under the Pathman Agreement of $320.00 for attorneys and $180.00 for paralegals reasonable. *See Norman*, 836 F.2d at 1299

---

[1] Attorney Jamie Alan Sasson's declaration describes that $12,000.00 is a reasonable amount for attorneys' fees. The Court assumes this to be a typo and recognizes the amount sought is $9,860.00.

("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.").

   ii. *Number of Hours Reasonably Expended*

Next, the Court must determine the number of hours reasonably expended on behalf of Plaintiff on the prevailing claims. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. *Id.* at 1301. Fee applicants must exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from their fee petitions. *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). When fee applicants fail to exercise billing judgment, the court is obligated to do it for them. *Id.* Thus, when a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it cannot do both. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

Plaintiff advances billing statements amounting to 32.3 hours of time incurred spanning from April 2021 through February 2022. Having reviewed Plaintiff's invoices and time diaries, the Court finds reasonable the majority of the 32.3 hours incurred.

However, a reduction is appropriate for the 5.2 hours incurred at a rate of $360.00 for Attorney Aileen Carpenter because she was not admitted to practice in this Court and did not enter a formal appearance as Plaintiff's counsel.

Local Rule 4(a) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys, provides that "only members of the bar of this Court may appear as attorneys before the Court," unless they are admitted *pro hac vice*. Although Attorney Carpenter

is licensed in Washington, D.C. and Georgia, she was not licensed in Florida and no motion was made to admit Attorney Carpenter *pro hac vice*. According to the time diaries, she assisted in drafting a notice of termination and portions of the complaint.

In *Ramones v. AR Res., Inc.*, No. 19-62949-CIV, 2022 WL 1443062, at *4 (S.D. Fla. May 6, 2022), the court awarded a $200.00 hourly rate for an attorney with extensive experience that was not admitted to Florida, but was admitted to the District of Columbia, and the state bars of Maryland, Virginia, New York, and Pennsylvania. The $200.00 hourly rate was a reduction from the $435.00 hourly rate sought by the plaintiff. Considering her skill, training and experience, and the services provided, Attorney Carpenter shall be compensated at an hourly rate of $150.00. Attorney Carpenter has been a practicing lawyer for three years and is admitted in two other jurisdictions. However, her experience is substantially less than the attorney in *Ramones*. Accordingly, a rate of $150.00 is commensurate with her experience and the market rate for similar services provided by non-admitted attorneys. Adjusting for an hourly rate of $150.00, the Court recommends a reduction in the amount of fees sought by $1,092.00.

Defendants levy no opposition to the number of hours incurred by Plaintiff's counsel. Given the unopposed nature of the Motion, and having reviewed Plaintiff's counsel's itemized time entries, experience, and reputation, the undersigned finds Plaintiff's request for attorney's fees to be reasonable. Accordingly, the Court recommends that Plaintiff is entitled to recover $8,768.00 in attorneys' fees.

### b. Costs

Plaintiff seeks a total of $2,293.14 in taxable and nontaxable costs, which includes: $402.00 for fees of the clerk; $835.00 in fees for service of process; $1,056.14 in fees for overnight delivery, postage, investigative services and non-military search. Plaintiff avers that these costs are

recoverable as either taxable under 28 U.S.C. § 1920 or nontaxable under the Agreement. Plaintiff proffers that the only requests for costs that do not have a separate invoice are for the amount of $113.84, which includes postage/overnight delivery, and other overhead expenses pursuant to the Pantham Lewis Fee Agreement.

Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

Plaintiff is entitled to the full amount request for fees of the clerk under 28 U.S.C. § 1920. Plaintiff requests $402.00 for the filing fee. Plaintiff submitted invoices showing the costs incurred. (ECF No. 34-1 at 1–2). Defendant raised no objections. Accordingly, the undersigned recommends that Plaintiff be awarded $402.00 for fees of the clerk, which covers the filing fee.

Under 28 U.S.C. § 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See*

*EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).  Section 1921(b) states that "[t]he Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under subsection (a).  Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided."  28 U.S.C. § 1921(b).

Private process fees may be taxed but must not exceed the $65.00 amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114.  *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).  Plaintiff seeks to recoup $835.00 in total in fees for the service of process for two summons.  However, Plaintiff can recover no more than $65.00 per service, thus Plaintiff can recover $130.00 in total in fees for service of process.  The Court finds that service upon Defendants Smith High Incorporated and Dana Kolman was reasonably necessary.  Accordingly, the undersigned recommends that the Court award Plaintiffs the costs sought in the amount of $130.00 incurred in the service of the subpoenas.

Plaintiff also requests $1,056.14 in fees for overnight delivery, postage, investigative services and non-military search.  These costs are not specifically enumerated in § 1920, thus traditionally not recoverable.  However, Plaintiff's Motion represents that the Parties' Agreement provides for the recovery of "costs and expenses incurred as a result of a Default . . . including all costs and expenses in respect of . . . legal fees . . ." (ECF No. 1-1 at 6).  Having reviewed the agreement, I agree that the Agreement provides for the recovery of Plaintiff's requested costs, and thus I recommend awarding the total amount requested of $1,056.14.

As noted above, Plaintiff requests $113.84 in costs for which no invoices were provided.  Local Rule 7.3(c) states, "A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right

to tax costs under the circumstances listed in 28 U.S.C. § 1920," and "shall attach copies of any documentation showing the amount of costs." Without supporting documentation, the Court should not award $113.84 in costs.

In sum, the undersigned recommends that the Court grant Plaintiff's request for $1,474.30 in costs pursuant to the Agreement.

### III. RECOMMENDATION

For the foregoing reasons, it the undersigned **RECOMMENDS** that Plaintiff's Verified and Renewed Motion for Attorneys' Fees (ECF No. 34) be **GRANTED in part**, and that Plaintiff be awarded a total of $1,474.30 in costs and $8,768.00 in attorneys' fees.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 28th day of September, 2022.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE